1 | Connie E. Merriett, (SB# 223274)
connie.merriett@dechert.com
2 | DECHERT LLP
2440 W. El Camino Real, Suite 700
3 | Mountain View, California 94040
Telephone: (650) 813-4800
4 | Facsimile: (650) 813-4848

5 | Michael S. Doluisio (*Admitted pro hac vice*)
Scott A. Thompson (*Admitted pro hac vice*)
6 | DECHERT LLP
2929 Arch Street, Cira Centre
7 | Philadelphia, PA 19104
Telephone: (215) 994-4000
8 | Facsimile: (215) 655-2325

9 | Attorneys for Defendant
The Vanguard Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOEL HORNSTEIN, On Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE VANGUARD GROUP, INC.,<br><br>Defendant. | Case No. C-07-3239 SBA<br><br>**[PROPOSED] ORDER GRANTING THE VANGUARD GROUP, INC.'S MOTION TO DISMISS** |

**ORDER**

AND NOW, this ____ day of _____, 2007, upon consideration of The Vanguard Group, Inc.'s ("Vanguard") Motion to Dismiss and accompanying Memorandum of Points and Authorities, as well as any opposition and reply, it is hereby ORDERED and DECREED as follows:

For the reasons set forth below, the Court GRANTS Vanguard's Motion to Dismiss on the grounds that the Complaint is preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(1)(A).

SLUSA preempts any claim that is: (1) made in a "covered class action;" (2) based on state law; and (3) alleges an untrue statement or omission of material fact or manipulative or deceptive device or contrivance; (4) made "in connection with" the purchase or sale; of (5) a "covered security." Madden v. Cowen & Co., No. 06-04886 JSW, 2007 WL 781780, slip op., at *4 (N.D. Cal. March 8, 2007). Here, each of the conditions for SLUSA preemption is easily met. Plaintiff seeks to bring a class action alleging eight counts under state law based on claims that Defendant Vanguard: (1) made misrepresentations that induced investors to purchase shares of Vanguard funds; and (2) made misrepresentations concerning the redemption proceeds to be received upon the sales of these securities.

Under the Supreme Court's decision in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71 (2006), as well as the Ninth Circuit's decisions in Falkowski v. Imation Corp., 309 F.3d 1123, 1128-30 (9th Cir. 2002), amended by, 320 F.3d 905 (2003) and U.S. Mortgage, Inc. v. Saxton, No. 04-17494, 2007 WL 2027370, at *8 (9th Cir. July 13, 2007), Plaintiff's claims are preempted by SLUSA.

The Complaint is hereby dismissed in its entirety with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

BY THE COURT:

Dated: _____, 2007

_____
HON. SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE