1  Connie E. Merriett, (SB# 223274)
   connie.merriett@dechert.com
2  DECHERT LLP
   2440 W. El Camino Real, Suite 700
3  Mountain View, California 94040
   Telephone: (650) 813-4800
4  Facsimile: (650) 813-4848

5  Michael S. Doluisio *(Admitted pro hac vice)*
   michael.doluisio@dechert.com
6  Scott A. Thompson *(Admitted pro hac vice)*
   scott.thomson@dechert.com
7  DECHERT LLP
   2929 Arch Street, Cira Centre
8  Philadelphia, PA 19104
   Telephone: (215) 994-4000
9  Facsimile: (215) 655-2325

10 Attorneys for Defendant
   THE VANGUARD GROUP, INC.
11
   Matthew A. Siroka, (SB# 233050)
12 mas@defendergroup.com
   LAW OFFICES OF MATTHEW A. SIROKA
13 600 Townsend Street, Suite 329E
   San Francisco, CA 94103
14 Telephone: (415) 522.1105
   Facsimile: (415) 522.1506
15
   Attorney for Plaintiff
16 JOEL HORNSTEIN

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                            OAKLAND DIVISION

20 | JOEL HORNSTEIN, On Behalf of Himself and all Others Similarly Situated, | Case No. C 07 3239 SBA
21 |                                         | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
   |        Plaintiff,                        |
22 | v.                                       |
23 | THE VANGUARD GROUP, INC.,               |
24 |        Defendant.                        |

28 ///

The parties to the above-titled action jointly submit this Case Management Statement and Proposed Order and respectfully request that the Court issue an appropriate Case Management Order.

1. **DESCRIPTION OF THE CASE**

    A. **Overview of Plaintiff's Allegations**

    Plaintiff Joel Hornstein ("Hornstein" or "plaintiff") brings this action on behalf of a putative class of Vanguard investors who plaintiff alleges have been injured by using Vanguard's next-day wire redemption service. Plaintiff alleges that Vanguard engages in a "scheme" whereby it "promises investors that if they use Vanguard's wire redemption services to transfer funds from Vanguard into their bank accounts, [Vanguard] will wire those funds by *the next* business day." Id. ¶1 (emphasis in original). Hornstein alleges that, despite these representations, Vanguard "regularly wires those funds *two* business days after these requests." Id. ¶1 (emphasis in original). Plaintiff claims that, "as a result of this [delay], Vanguard retains control of the redeemed funds for an additional day, and accrues interest on the redeemed funds." Id. ¶7. Hornstein also alleges that investors are injured by the loss of interest for the additional time Vanguard retains the funds. Id. ¶8.

    Based on these allegations, Hornstein purports to bring this action on behalf of a class comprising "[a]ll individuals who used Vanguard's next-day wire redemption service and did not receive the wire transfer until two days later, during the period from June 19, 2004 to June 19, 2007." Id. ¶26. He asserts eight separate causes of action for: deceit, fraud, negligent misrepresentation, breach of contract, promissory estoppel, violations of Cal. Bus. Prof. Code §§17200 & 17500, and conversion. Id. ¶¶28-35. He seeks restitution and damages, as well as other costs and fees. Id. at 11-12.

    B. **Principal Factual Issues Which The Parties Dispute**

    Vanguard believes that plaintiff's entire theory is flat wrong. Vanguard denies that it made any false promises or false representations. Vanguard also denies that it earned "additional" interest by wiring redemption proceeds when it did. Rather, as disclosed in the Prospectus, investors obtained interest through the date when their shares were traded.

1  Accordingly, the principal factual issues which the parties dispute are: whether the promises Vanguard allegedly made were false; whether Hornstein (and other similarly situated investors) reasonably relied upon the alleged false promises; whether Vanguard obtained any "additional" interest by allegedly wiring redemption proceeds one day later than allegedly promised; whether Hornstein (and other similarly situated investors) -- and not Vanguard -- received any such "additional" interest; whether investors who redeemed their mutual fund shares via Vanguard's wire redemption service understood and relied upon the purported false promises in the same ways Hornstein did; and whether Hornstein (and other similar investors) suffered any damage.

2.  **LEGAL ISSUES**

Vanguard has filed a motion to dismiss all of plaintiff's claims under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(b).  Vanguard contends that plaintiff's claims are preempted by SLUSA because plaintiff purports to bring a class action alleging state law causes of action based upon misrepresentations that Vanguard allegedly made in connection with both the purchase and sale of Vanguard securities.

Vanguard also believes that plaintiff's claims fail for a host of other reasons as a matter of law.  Vanguard believes that plaintiff's claim for alleged violations of California Business & Professional Code § 17200 fails because that statute does not apply to securities transactions.  It is Vanguard's position that plaintiff's claims for deceit, fraud, negligent misrepresentation, and violation of California Business & Professional Code § 17500 are defective because plaintiff cannot prove that Vanguard's representations were false or that he reasonably relied upon them.  According to Vanguard, plaintiff's claims for breach of contract and promissory estoppel fail because plaintiff cannot prove that Vanguard breached any promise to him and, with regard to the promissory estoppel claim, that he reasonably relied on any such promise.  Finally, Vanguard believes that plaintiff's conversion claim fails because plaintiff cannot prove that he had an immediate right to payment or that he was entitled to obtain a specifically identifiable sum.

Vanguard also denies that this case can proceed as a class action. Among other things, Vanguard does not believe that plaintiff can prove that all investors understood the alleged promises in the same way. Vanguard also denies that reasonable reliance, injury, or damages can be proved on a class-wide basis.

3.     **ALTERNATIVE DISPUTE RESOLUTION**

The parties have discussed the available ADR procedures in an effort to determine which procedure would be most beneficial. In light of Vanguard's pending motion to dismiss and the parties' private discussions regarding the possible resolution of this case, however, the parties do not believe that participation in ADR would be beneficial at this time. The parties have notified the ADR Unit of their desire to participate in a telephone conference with a member of the ADR Legal Staff to discuss the most appropriate form and timing of an ADR procedure. That call has not yet been scheduled.

4.     **MOTIONS**

On September 4, 2007, Vanguard filed a motion to dismiss the Complaint. That motion is currently pending.

5.     **AMENDMENT OF PLEADINGS**

All parties have been served and have appeared in this action. There are no known additional parties that need to be added at this time.

6.     **RELATED CASES**

The parties are unaware of any related cases.

7.     **CONSENT TO MAGISTRATE**

The parties do not consent to have a magistrate judge conduct all further proceedings.

8.     **EVIDENCE PRESERVATION**

Vanguard has taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action. These steps include the institution of a document-preservation program which is reasonably designed to preserve relevant documents, emails, and electronically recorded material.

### 9. DISCLOSURES AND DISCOVERY

The parties agree that the initial disclosures required by Rule 26 and all other discovery should be stayed pending the Court's ruling on Vanguard's motion to dismiss. Vanguard believes that its motion to dismiss will succeed. Moreover, the parties have begun discussing a possible resolution or voluntary dismissal of this case. Accordingly, to preserve resources while the Court rules on the motion and the parties discuss a possible resolution of the case, the parties jointly request that the Court stay all initial disclosure obligations and discovery until it has ruled on Vanguard's pending motion to dismiss. The parties propose to revisit the timing for initial disclosures and the discovery schedule after the Court rules on Vanguard's motion to dismiss.

Dated:  September 19, 2007         DECHERT LLP

By:   /s/Connie E. Merriett
         Connie E. Merriett

Attorney for Defendant
THE VANGUARD GROUP, INC.

Dated:  September 19, 2007         LAW OFFICES OF MATTHEW A. SIROKA

By:   /s/Matthew A. Siroka
         Matthew A. Siroka

Attorney for Plaintiff
JOEL HORNSTEIN

## ATTESTATION OF SIGNATURE
### (N.D. Cal. General Order 45)

I, Connie E. Merriett, hereby attest that concurrence in the following document:

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

has been obtained from the other signatory.

Dated:  September 19, 2007                DECHERT LLP

                                          By:    /s/Connie E. Merriett
                                                 Connie E. Merriett

                                          Attorneys for Defendant
                                          THE VANGUARD GROUP, INC.

**CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order herein is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**IT IS SO ORDERED:**

Dated: _____, 2007

THE HON. SAUNDRA B. ARMSTRONG
United States District Court Judge