Matthew A. Siroka (CASB# 233050)
LAW OFFICES OF MATTHEW A. SIROKA
600 Townsend Street, Suite 329E
San Francisco, CA 94103
Telephone: (415) 522.1105
Facsimile: (415) 522.1506

Attorney for Plaintiff
JOEL HORNSTEIN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOEL HORNSTEIN, On Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE VANGUARD GROUP, INC.,<br><br>　　　　　　　　Defendant. | Case No. C 07 3239 SBA<br><br>CERTIFICATE OF COUNSEL RE: ORDER TO SHOW CAUSE OF OCTOBER 19, 2007<br><br>DATE: November 28, 2007<br>TIME: 4:00 p.m.<br>COURT: Hon. Saundra Brown Armstrong |

**INTRODUCTION**

Counsel for Plaintiff Joel Hornstein ("Plaintiff"), in response to the Order to Show Cause filed on October 19, 2007, hereby submits the following Certificate of Counsel, explaining that this is a case involving allegations of serious wrongdoing on the part of Defendant The Vanguard Group, Inc. ("Defendant"), that the parties anticipate being able to settle this dispute, that the parties are in the advanced stages of settlement negotiations, and that to terminate this action would unnecessarily hinder the parties from ultimately reaching a resolution in this case. Accordingly, Plaintiff urges that this case not be dismissed for failure to prosecute.

**NATURE OF THE CASE**

Plaintiff brings this action individually and on behalf of a putative class of similarly situated individuals against Defendant for injuries arising out of use of Defendant's next-day wire redemption service. Plaintiff alleges that it appeared that Defendant engaged in a scheme whereby Defendant

1  promised investors using Defendant's wire redemption service that Defendant would wire those funds
2  by the next business day. Plaintiff alleges that, despite these representations, Defendant regularly wires
3  those funds two business days after these redemption requests. Plaintiff claims that, as a result of this
4  delay, Defendant retains possession of funds for an additional day and accrues interest and fees on the
5  redeemed funds. Plaintiff also alleges that investors are injured by the loss of interest for the additional
6  time Defendant retains the funds.

## PRESENT STATUS OF THE CASE

8  The parties are currently engaged in advanced settlement negotiations and expect a final
9  resolution in the near future.  In particular, Defendant has submitted documents to Plaintiff which
10 purport to show that Defendant did not, in fact, retain funds for an additional day or accrue interest
11 improperly.  Plaintiff filed its complaint against Defendant on June 19, 2007. On September 4, 2007,
12 Defendant moved to dismiss the Plaintiff's complaint.  Immediately after filing of the motion to dismiss,
13 both parties began negotiating a possible settlement.  On October 19, 2007, the Court issued an Order
14 to Show Cause as to why the case should not be dismissed for failure to prosecute this action. Plaintiff
15 and Defendant have been engaged in settlement discussions, which have progressed steadily and are now
16 in the latter stages.

## WHY THIS CASE HAS NOT PROCEEDED TO TRIAL OR BEEN TERMINATED

18 This case has not proceeded to trial, and it has not been terminated, because, as mentioned above,
19 Plaintiff and Defendant are involved in settlement negotiations. The parties have been in close
20 communication and are working on resolving this matter without needing to proceed to trial or further
21 litigation. In fact, at the time Plaintiff' opposition to the motion to dismiss was due, the parties
22 anticipated that the case would settle and there was no need for Plaintiff to file an opposition and incur
23 additional attorney's fees.  The parties had anticipated that a final settlement would be available for the
24 Court's approval before Plaintiff would default on the motion.  The process has taken longer than
25 anticipated and Plaintiff regrets any inconvenience his failure to file an opposition may have caused the
26 Court.

27 However, in the event that any such settlement discussions do not result in a settlement, this case
28 remains an active controversy which cannot and should not simply be dismissed or otherwise terminated.

The only reason for any delay and Plaintiff' failure to file the opposition is that the parties have been in active, good faith settlement negotiations that have taken place for two months and involved dozens of e-mails, phone calls, and shared documents. If for some reason the parties are unable to reach a consensus, then Plaintiff will be forced to pursue this case further and proceed to trial.

**BASIS FOR OPPOSITION TO DISMISSAL**

Plaintiff premises its opposition to any prospective dismissal on the facts underlying the case and on the status of the parties' settlement discussions. Indeed, Plaintiff has adequately alleged wrongdoing on the part of Defendant, wrongdoing which caused Plaintiff and other similarly situated significant damages. If this case were not to be resolved via settlement, Plaintiff would seek to recover the damages caused by Defendant's wrongdoing, and would oppose the motion to dismiss.

**EXPECTED COURSE IF NOT DISMISSED**

If this case is not dismissed, Plaintiff anticipates progressing closer toward reaching an amicable resolution and reaching a settlement agreement with Defendant.

**CONCLUSION**

The parties anticipate imminent settlement and the Court's patience is appreciated in bringing this matter to resolution. Based on the foregoing, Plaintiff respectfully requests that the Court refrain from dismissing this case for a failure to prosecute and permit the parties to continue attempting to resolve their dispute without needing to proceed to trial.

Dated: November 19, 2007

                                      Respectfully submitted,


                                      LAW OFFICES OF MATTHEW A. SIROKA

                                      By:    /s/Matthew A. Siroka
                                                   Matthew A. Siroka

                                                   Attorney for Plaintiff
                                                   JOEL HORNSTEIN